IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
SEP 07 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
SEP 10 2001

| | |
|---|---|
| GEORGE GRECU, ) | |
| ) | No. 01 C 5153 |
| Plaintiff, ) | |
| ) | Judge Manning |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| OFFICER J. KUKSUK, Star No. 10111, et al., ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO: Mark Solock
221 North LaSalle Street
Suite 1938
Chicago, Illinois 60601

**PLEASE TAKE NOTICE** that on this 7th day of September 2001, I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered via U.S. mail to the person named above at the address shown this 7th day of September 2001.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
for the City of Chicago

By: _/s/ Melissa Dakich_
MELISSA H. DAKICH
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-7864
Attorney No. 06244437

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 0 7 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
SEP 1 0 2001

GEORGE GRECU,

        Plaintiff,

vs.

OFFICER J. KUKSUK, Star No. 10111 and Officer
K. KRUPA, Star No. 7764 of the City of Chicago,
Illinois Police Department sued in their individual
capacities, and as an agents, servants and/or employees
of the CITY OF CHICAGO, ILLINOIS, a Municipal
Corporation, and the CITY OF CHICAGO,
ILLINOIS, a Municipal Corporation.

        Defendants.

No. 01 C 5153

Judge Manning

Magistrate Judge Schenkier

JURY DEMAND

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND

Defendant, City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago answers plaintiff's complaint as follows:

### Jurisdiction

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; the Judicial Code, 28 U.S.C. Sections 1331 and 1343; the Constitution of the United States and Supplemental Jurisdiction, 28 U.S.C. Section 1367 (formerly known as pendent jurisdiction).

**ANSWER:** The City admits that this Court has jurisdiction.

2. The plaintiff, GEORGE GRECU, is a resident of the City of Chicago, County of Cook, State of Illinois and is a citizen of the United States.

**ANSWER:** The City admits that at all times relevant to plaintiff's complaint, George Greco resided in Chicago, which is located in Cook County, Illinois. The City is without



knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2.

3. The defendants, OFFICERS J. KUKSUK, Star No.10111 and K. KRUPA, Star No. 7764 are duly appointed and sworn police officers of the City of Chicago, Illinois Police Department. At all times relevant to this Complaint, defendants KUKSUK and KRUPA, when engaging in the conduct complained of, did so in the course and scope of their employment as agents, servants and/or employees of defendant CITY OF CHICAGO, ILLINOIS, a Municipal Corporation. Defendants KUKSUK and KRUPA are being sued in their individual capacities and as agents, servants and/or employees of the defendant CITY OF CHICAGO, ILLINOIS, a Municipal Corporation.

**ANSWER:** The City admits that Officers Kuksuk and Krupa are employed as police officers by the City of Chicago. The City admits Officers Kuksuk and Krupa were acting in the scope of their employment when, on July 9, 2000, they responded to a call of disturbance and subsequently arrested plaintiff for disorderly conduct. The City admits that it is a municipal corporation. The City admits that Officers Kuksuk and Krupa are being sued in their individual capacities. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. The defendant, CITY OF CHICAGO, ILLINOIS, a Municipal Corporation, duly incorporated under the laws of the State of Illinois. The defendant, CITY OF CHICAGO, ILLINOIS, a Municipal Corporation owns and administers the City of Chicago, Illinois Police Department.

**ANSWER:** The City admits that it is a municipal corporation and that the Chicago Police Department is a department within the municipal corporation. The City denies that it "owns" the Chicago Police Department.

5. At all times material to this Complaint, the defendants were acting under color of state law and/or regulation.

**ANSWER:** The City admits Officers Kuksuk and Krupa were acting under color of law when, on July 9, 2000, they responded to a call of disturbance and subsequently arrested plaintiff for disorderly conduct. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

### Facts

6. On or about July 9, 2000, at approximately 12:25 a.m., the plaintiff, GEORGE GRECU, was lawfully on the street at approximately 225 W. Ontario, Chicago, Illinois.

**ANSWER:** The City admits that at approximately 12:25 a.m., plaintiff was in the vicinity of Magnums Steakhouse located at 225 West Ontario, Chicago, Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. At this time and place, defendants KUKSUK and KRUPA arrested the plaintiff for the criminal offense of disorderly conduct.

**ANSWER:** City admits that Officers Kuksuk and Krupa arrested plaintiff and he was subsequently charged with disorderly conduct pursuant to 720 ILCS 5/26.

8. At the time that defendants KUKSUK and KRUPA arrested the plaintiff for the aforementioned alleged crime, defendants KUKSUK and KRUPA did not have probable cause, an arrest warrant or other lawful justification to arrest the plaintiff for this alleged crime.

**ANSWER:** The City admits that Officers Kuksuk and Krupa did not have an arrest warrant at the time they arrested plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Plaintiff, in fact, on the date and time in question, did not commit the alleged crime of disorderly conduct.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. After the plaintiff was arrested, he was first taken to the lockup at the 18th District Police Station of the Chicago Police Department Chicago where he remained in custody for approximately six hours before being released on bond.

**ANSWER:** The City admits that plaintiff was arrested and transported to the 18th District Police Station for processing. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.

11. As an additional result of the aforementioned actions of the defendants KUKSUK AND KRUPA, the plaintiff had to retain an attorney at expense to him. The aforementioned actions by defendants KUKSUK AND KRUPA caused and will continue to cause in plaintiff much pain, suffering, physical injury and mental anguish and anxiety.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Thereafter, plaintiff was required to appear in the Circuit Court of Cook County, Illinois (Case No. 00 MC 1278051) in response to the aforesaid charge of disorderly conduct.

**ANSWER:** The City admits the allegations of paragraph 12.

13. Plaintiff retained an attorney to represent him in defense of this charge.

**ANSWER:** The City admits that Michael Solock represented plaintiff. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation of paragraph 13.

14. Plaintiff, in fact, was not guilty of this charge.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Thereafter, on August 2, 2000, in the Circuit Court of Cook County, Illinois the assistant state's attorney made a motion to strike the charges from the call with leave to reinstate and this motion was granted.

**ANSWER:** The City admits the allegations of paragraph 15.

16. The acts of the defendants KUKSUK AND KRUPA, as above described, were done maliciously, willfully and wantonly, intentionally, and/or with reckless disregard and gross negligence towards the plaintiff's rights under the Fourth Amendment of the Constitution of the United States, the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. Section 1983 and the common law and statutes of the State of Illinois. The acts of the defendant were also unreasonable under the Fourth Amendment of the Constitution of the United States.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

## COUNT I

**The City is not a defendant in count I. Therefore it does not answer the allegations in that count.**

## COUNT II

19. Paragraphs 1 through 18 are incorporated herein by reference and made paragraph 19.

**ANSWER:** The City's answers to paragraphs 1 through 18 are incorporated by reference herein as though fully set forth.

20. The arrest and detention of the plaintiff by defendants KUKSUK and KRUPA for the alleged crime of disorderly conduct was done without probable cause, arrest warrant or other lawful justification and constituted the tort of false arrest and imprisonment under the common law of the State of Illinois.

**ANSWER:** The City admits that the arrest of plaintiff for disorderly conduct was conducted without an arrest warrant. The City is without s without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 20.

21. That when defendants KUKSUK and KRUPA committed the aforementioned tort of false arrest and imprisonment against the plaintiff, they were acting as the agents, servants and/or employee and of defendant CITY OF CHICAGO, ILLINOIS, a Municipal Corporation, and they were acting within the scope of their employment and that, therefore, defendant CITY OF CHICAGO, ILLINOIS, a Municipal Corporation is fully liable for the actions of defendants KUKSUK and KRUPA.

**ANSWER:** The City admits that Officers Kuksuk and Krupa were employed as police officers by the City of Chicago at the time they responded to a call of disturbance and subsequently arrested plaintiff for disorderly conduct. The City admits that Officers Kuksuk and Krupa were acting within the scope of their employment at the time they responded to a call of disturbance and subsequently arrested plaintiff for disorderly conduct. The City denies plaintiff's allegation that the City is fully liable for the actions of the defendants as that statement is vague, incomplete or incorrect under the Illinois Tort Immunity Act, 745 ILCS 10/2-202 and

745 ILCS 10/2-109. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor together with its costs, and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.  To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994). The City is not liable for the acts or omission of any employee unless the employee is liable. 745 ILCS 10/2-109 (1994)

2.  City employees acting in the scope of their employment are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994), 745 ILCS 10/2-109 (1994).

3.  To the extent any injuries or damages claimed by plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiffs by the jury in this case.

4.  The Illinois Tort Immunity Act shields the City and its employees from liability for injuries that result from the determination of policy or from the performance of discretionary acts--such as the acts associated with the operation of a police department. 745

ILCS 10/2-201 (West 1994).

## JURY DEMAND

The Defendant City of Chicago demands a trial by jury.

                                      MARA S. GEORGES,
                                      Corporation Counsel
                                      City of Chicago

By: *[signature]*

                                      MELISSA H. DAKICH
                                      Assistant Corporation Counsel

Assistant Corporation Counsel
30 North LaSalle Street
Suite 1040
Chicago, Illinois 60602
(312) 744-7864
Attorney No. 06244437